We'll turn to the next case, United States v. Morrison. Good morning, Your Honors. Good morning. Good morning. May it please the Court, Daniel Habib, Federal Defenders of New York, on behalf of Robert Morrison. The District Court's denial of Morrison's request for a modest sentence reduction under the First Step Act rested on two errors of law. First, the Court relied on a guidelines stipulation in the party's plea agreement to assume that Morrison would have been convicted of an offense carrying a five-year mandatory minimum had he been prosecuted today. And based on that assumption, the Court deemed his offense too severe to merit what the Court called the undeserved windfall of a reduction in sentence. As this Court's intervening decision in Johnson made clear, that assumption was erroneous. The District Court could not jump from a guidelines stipulation, governed by the preponderance of the evidence standard, to the conclusion that Morrison would necessarily have pleaded guilty to, or that a jury would necessarily have found beyond a reasonable doubt, a quantity of crack sufficient to trigger the five-year mandatory minimum. Doesn't Johnson and our jurisprudence essentially say that in these cases the District Court has discretion? Yes. And that the District Court can really look at everything that is going on to decide whether it wants to do this diminution? I mean, isn't that really what our Court has been going to, both denying the limits on that discretion and allowing the Court to look into it, but then saying, you, District Court, can pretty well decide whether this is appropriate in this case? Yes, Your Honor. But in this case, the District Court's exercise of its discretion was compromised by the very assumption that Johnson repudiated. And it's not only that the District Court looked to Morrison's factual conduct as stipulated in the plea agreement. The Court went one step further and assumed on the basis of that stipulation that he would have been convicted of an offense carrying the same statutory sentencing range. That is, the Court looked to… was that this was a serious, serious criminal and that, therefore, it is not appropriate to use this discretion to diminish the sentence. I mean, it would have been better if they hadn't said Windfall, but still. Well, I would say, Your Honor, that when the Court assessed the severity of Morrison's offense conduct, it did so with express reference to the statutory sentencing range that would apply to a B-1-B violation post-fair sentencing. But the context is the guilty plea was to five-gram count. And in fact, as stipulated, there was a lot more than five grams. There was at least 150 grams. There could have been 280 grams, probably 280 grams. And so that was part of the severity analysis, not necessarily the change in levels or the mandatory minimum, but that this was a much more serious than a five-gram transaction. So, Your Honor, there is a difference between a guideline stipulation and proof beyond a reasonable doubt. And the point I was about to make to Judge Calabresi is that by looking to the statutory sentencing range when characterizing the severity of Morrison's offense, the Court relied on the assumption that Johnson tells us is improper. And we know as a general principle that the statutory sentencing range is the best objective evidence of the legislature's judgment as to the severity of an offense. Well, Mr. Habib, my concern with your argument is that Johnson's discussion is in the context of what I'll call the first step, eligibility. And here the district court recognized that your client was eligible for a reduction. It was at the second step, the exercise of its discretion, that it referenced the facts you're talking about. Now, it could not, under Johnson, have relied on the acknowledged drug quantity to say, well, he doesn't qualify for this. It had discretion. But I don't see where Johnson precludes the Court from considering that a defendant acknowledged when he pleaded guilty that this was the quantity that he had dealt in and take that into account in deciding about its exercise of discretion. So, I don't see how Johnson really helps you. What am I missing? So, to clarify, Your Honor, when Mr. Morrison pleaded guilty, he allocated to no crack quantity. No, but he said he... Of course, I understand. A guideline stipulation in the plea agreement. My point is simply this. Not the guideline stipulation. A quantity amount. He acknowledged a quantity amount in his plea agreement. And when he sought to get a hearing and the government submitted that it could prove a quantity of, I forget what it is, 500 grams or whatever they did, he withdrew his objection. So, we've got a record that supports in many ways the District Court's conclusion that your client had acknowledged that this was much more than a 5-gram crime. We don't dispute that, Your Honor. My point is this. Again, I meant only to clarify that at the time of his plea allocation, as to offense elements proved beyond a reasonable doubt, he acknowledged only selling crack. Of course, he stipulated to a quantity of... Right. Okay. But now we're in the discretion phase. That's my point. We are not in the Johnson, the concern of Johnson, the eligibility phase. We are in the discretion phase. That's true, Your Honor. And let me make two points. First, although Johnson addresses the eligibility stage of the inquiry, Johnson disapproves of a reasoning process that equates a guideline stipulation, which is governed by a preponderance of the evidence standard, with trial proof beyond a reasonable doubt. But why do you think it disapproves it for purposes other than eligibility? Eligibility is kind of a categorical question. And at that point, no, you cannot consider things other than what the defendant actually allocated to the indictment actually charged. I understand that. Discretion is not categorical.  And so the second point that I was about to make, Judge Raji, is that when the district court undertook to exercise its discretion in this case, it didn't just say, Mr. Morrison has acknowledged under a preponderance of the evidence standard that his offense involved at least 150 grams of crack. It said there is little doubt that he would have been convicted beyond a reasonable doubt of transacting in that quantity, such that he would have faced an elevated statutory sentencing range, and such that a favorable exercise of discretion in this case would give him an undeserved windfall, which, by the way, is language that Johnson specifically disapproved, an undeserved windfall vis-a-vis defendant's prosecuted post-fair sentencing act. So is your argument that if the district court had not thought that he would be convicted, it would not have come out with the same result? What I'm saying is that the assumption that he would have been convicted, not just that a sentencing court could have made a guidelines finding, but that there would have been a trial conviction and an enhanced statutory sentencing range, that that assumption was integral to the court's exercise of discretion. And because that assumption, both in terms of its assessment of offense severity and in terms of its desire to avoid unwarranted sentencing disparities, that is, the court reasoned that Morrison should not receive a procedural vehicle unavailable to those prosecuted today. And it's because the exercise of discretion… Let me understand your argument. Are you saying that we should vacate and remand and send back to the district court saying you can come out exactly as you did on the basis of the whole record and what he pled to and what he didn't and all that, but you may not base it on your assumption that he would necessarily have been or most likely have been convicted? But that basically the result would be the same. You can do it, district court. In effect, you're asking for a Jacobson remand for us to say to the district court, what was it that you meant? Is that your argument or is your argument… See, I hear you saying that, but then I hear you going further and doing what Judge Raji has questioned you on about saying that somehow Johnson limits looking at these really even for discretionary purposes. Thank you, Judge Calabresi. Let me answer both of your questions. I'll take the second first. It's our view that Johnson precludes treating a guideline stipulation or precludes equating a guideline stipulation with proof beyond a reasonable doubt for any purpose, eligibility or discretion. To answer your first question, in this case, we're asking this court to vacate the denial of relief and remand without prejudging what outcome Judge Preska might reach on remand, but for Judge Preska to revisit her decision with the benefit of Johnson, which she didn't have at the time. All right, thank you. You have some time for rebuttal. We'll hear from the government. Good morning. May it please the court. My name is Alexander Lee. I'm an assistant United States attorney in the Southern District of New York. I represent the United States in this appeal as I did in the district court. I'd like to begin with where defense counsel or appellate counsel left off just now with Judge Calabresi. The district court here did not equate a guideline stipulation of 150 grams to 500 grams of crack cocaine with proof beyond a reasonable doubt. What the court actually said is that Morrison's violation actually involved a much larger amount, over 150 grams, and that quantity far exceeds the new 28-gram Post-Fair Sentencing Act threshold for imposing penalties under Section 851b1b. Now, it's true the district court did go on to say that if the government had charged Morrison today, there was little doubt that it would have charged him for at least 28 grams, but that's not an assumption. That's true. In the underlying case, the defendant was charged with 50 grams or more of crack cocaine. What the district court really did was it assumed for purposes of sentencing, of applying its discretion, that the defendant in fact engaged in narcotics activity of 150 grams or more. And nothing in Johnson precludes that. Johnson says that you cannot equate a guideline stipulation with proof beyond a reasonable doubt because it was looking at eligibility, which looks at the statutory scheme and the statute of conviction. That's not what's going on here. Johnson expressly approved of the district court's ability to look at the actual drug quantity when exercising its discretion, and that is exactly what the district court did in this case. I'd like to turn now to the other argument that Mr. Beebe has made with respect to the guidelines calculation. And I think the first and most important point here is that the guidelines calculation that he cites appears nowhere in the district court's decision. What the appellant is effectively trying to do is ask this court to make a guidelines calculation and require the district court to analyze that guidelines calculation. But that guidelines calculation was not part of the district court's assessment of its discretion. And on abuse of discretion review, what this court asks is whether the reasons the district court gave can bear the weight that the district court assigned. And here there was no weight assigned to any guidelines calculation, much less the guidelines calculation that the defendant has proposed. And for that reason, the guidelines calculation, the hypothetical guidelines calculation the defendant has proposed really should not have any bearing on this court's decision. The last point I'd just like to make is that there is a factual dispute between the parties over whether the drug quantity was in fact 150 grams or 280 grams, as Judge Radju pointed out earlier in the argument. But to the extent that the district court made an assumption that it was 150 grams, that error, if any, was really in the defendant's favor. And so there's really no reason to ask the court whether it really meant 150 grams or 280 grams, because even if the defendant gets what he wants and gets a drug quantity of 150 grams, it's clear from this opinion that the district court viewed 150 grams as too severe in order to warrant relief. Unless the court has any further questions, I'm happy to rest on our briefs. Thank you. Mr. Habib, your rebuttal. Thank you. I'll keep it concise. The district court, in denying Mr. Morrison's request for a sentence reduction on discretionary grounds, cited two 3553 factors, the severity of the offense and the need to avoid unwarranted sentencing disparities. Its assessment of both of those factors was driven not just by the factual quantity of crack that it attributed to Mr. Morrison, but by the assumption that his guideline stipulation could translate into trial proof beyond a reasonable doubt. And what the district court said was, there is little doubt that the government would have charged Morrison for at least 28 grams today, thereby triggering the same five-year mandatory minimum he faced at his sentencing back in 2012. I'm reading now from page 192 of Johnson, which rejects a virtually identical assumption. It cannot be disputed that if the Fair Sentencing Act was in effect at the time the defendant committed his crime, the indictment would have alleged 280 grams to trigger the penalties of Section 841B1A. Judge Preska's analysis is indistinguishable from the hypothesis. It is distinguishable. Johnson said that with respect to eligibility. It didn't say it with respect to discretion. I mean, it's distinguishable to that extent. What I'm suggesting, Your Honor, is that although Johnson addressed the eligibility stage of the inquiry, the underlying point is that a guideline stipulation is not the same as trial proof. And when a guideline stipulation is treated as equivalent to trial proof for eligibility or, as here, discretionary purposes, Johnson makes that error plain and warrants vacater. Thank you, Your Honors. Thank you. Thank you both. We'll reserve decision.